

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

ENTERED
08/08/2014

| | | |
|---|---|---|
| IN RE: § | | |
| HUMBERTO SAENZ, JR; fdba PIZZA § | CASE NO: 13-70423 | |
| PATRON INC; fdba ESTRELLA § | | |
| VENTURES, INC. DBA PIZZA PATRON; § | | |
| aka SAENZ; fdba ARMAR ENTERPRISES § | | |
| INC, DELMA JEAN SAENZ § | | |
|     Debtor(s) § | | |
| § | CHAPTER 7 | |
| § | | |
| JOSE MARIA GOMEZ, *et al* § | | |
|     Plaintiff(s) § | | |
| § | | |
| VS. § | ADVERSARY NO. 13-07029 | |
| § | | |
| HUMBERTO SAENZ, JR § | | |
|     Defendant(s) § | | |

## MEMORANDUM OPINION

On March 7, 2014, Humberto Saenz, Jr. filed a motion to dismiss Jose Maria Gomez and JMG Ventures, LLC's ("Gomez") Objection to Discharge[1] and Complaint for Determination of Non Dischargeable Debt. (Case No 13-07029, ECF No. 10).

Gomez's complaint alleges that Saenz's debt to Gomez should be excepted from discharge under 11 U.S.C. § 523(a)(2)(A), § 523 (a)(2)(B), § 523(a)(4) and § 523(a)(6). The complaint states claims under § 523(a)(4) and § 523(a)(6). Although the complaint fails to state a claim under § 523(a)(2), Gomez is granted leave to amend his § 523(a)(2) claim. Accordingly, the motion is denied.

### Procedural Background

In December of 2012, Gomez filed an Amended Complaint against Saenz, Pizza Patron Inc. ("PPI"), Lone Star National Bank and International Bank of Commerce ("IBC"). The

---

[1] Although the title of the complaint references an objection to Saenz's discharge under § 727, no § 727 allegations are contained in the complaint.

lawsuit arose from a business transaction between Gomez and Saenz. On November 26, 2013, Gomez filed the complaint in this adversary proceeding. (ECF No. 1). Gomez's amended state court lawsuit is referenced in his Objection to Discharge and is attached as an Exhibit. (ECF No. 1-1). The state court lawsuit alleges claims for fraudulent misrepresentation, breach of contract, fraud, and conversion against Saenz. *Id*.

On March 7, 2014, Saenz filed a motion to dismiss this adversary proceeding. (ECF No. 10). The motion states that the complaint fails to state a claim for an exception to discharge under § 523(a)(2), § 523(a)(4), and § 523(a)(6).

## Background Facts

Saenz operated a Pizza Patron restaurant in Rio Grande City. PPI is the franchisor of the Pizza Patron franchises. At various times between 2005 and 2012, Saenz was the franchisee of up to six Pizza Patron franchises in the South Texas area. Gomez alleges that in April of 2009, Saenz approached Gomez about purchasing the Pizza Patron Rio Grande City franchise. Saenz allegedly advised Gomez that he was the franchise representative for the South Texas Region. On October 15, 2009, Gomez signed a Purchase-Sale Agreement for Saenz's equipment and inventory, and for the Pizza Patron franchise in Rio Grande City.

Gomez claims that he paid over $350,000.00 for the franchise. On February 8, 2010, Gomez obtained a $287,200.00 loan from Lone Star Bank in connection with the purchase. Gomez alleges that Lone Star Bank instructed Saenz to provide fraudulent values on the equipment and fixtures in order to increase the loan to value ratio on the purchase of the business. Gomez also contends that Saenz and IBC Bank created false profit and loss reports for the franchise and presented them to Gomez prior to the sale.

On March 8, 2011, Gomez closed the doors of the Pizza Patron franchise after determining that he could no longer afford to keep it open. On March 10, 2011, the Pizza Patron Corporate Office inspected the franchise. Prior to the inspection, Saenz allegedly instructed Gomez that he could not be present for the inspection and that he would attend for Gomez. Gomez claims that on March 10, 2011, Saenz removed Gomez's equipment and inventory from the franchise location without his consent. On March 11, 2011, Saenz allegedly installed new equipment and resumed operation of the Rio Grande Pizza Patron franchise. On April 11, 2011, Saenz informed Gomez that he was now the owner of the Rio Grande City Pizza Patron. Gomez claims that Saenz never purchased the franchise back from Gomez. Gomez alleges that Saenz sold the franchise to another buyer on October 8, 2012.

## Rule 12(b)(6) Standard

Saenz's motion to dismiss for failure to state a claim for which relief can be granted is filed under Fed. R. Bankr. P. 7012, which incorporates Fed R. Civ. P. 12(b)(6). The Court reviews motions under Rule 12(b)(6) by "accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiffs." *Stokes v. Gann*, 498 F.3d 483, 484 (5th Cir. 2007) (per curiam). However, the Court "will not strain to find inferences favorable to the plaintiff." *Southland Sec. Corp. v. INSpire Ins. Solutions Inc.*, 365 F.3d 353, 361 (5th Cir. 2004) (internal quotations omitted).

To avoid dismissal for failure to state a claim, a plaintiff must meet Fed. R. Civ. P. 8(a)(2)'s pleading requirements. Rule 8(a)(2) requires a plaintiff to plead "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). In *Ashcroft v. Iqbal,* the Supreme Court held that Rule 8(a)(2) requires that "the well-pleaded facts" must "permit the court to infer more than the mere possibility of misconduct." 556 U.S. 662, 679

(2009) (quoting Rule 8(a)(2)). "Only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). "[A] complaint does not need detailed factual allegations, but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true raise a right to relief above the speculative level." *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009) (internal quotation marks removed).

**Rule 9**

Fraud claims must, in addition, meet Fed. R. Civ. P. 9(b)'s heightened pleading requirements. Under Rule 9(b), fraud claims must be alleged with particularity concerning the circumstances of the fraud. Fed. R. Civ. P. 9(b). *See Oppenheimer v. Prudential Sec. Inc.*, 94 F.3d 189, 195 (5th Cir. 1996) (upholding district court's dismissal of fraud claims where the plaintiff failed to allege when an allegedly fraudulent sales charge was incurred or the extent of her damages); *Red Rock v. JAFCO Ltd.*, 1996 WL 97549, at *3 (5th Cir. 1996) (holding that the plaintiff's allegations did not satisfy Rule 9(b) where they failed to allege the time, place, or content of any misrepresentations). "To plead fraud adequately, the plaintiff must 'specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent.'" *Sullivan v. Leor Energy, LLC*, 600 F.3d 542, 551 (5th Cir. 2010) (quoting *ABC Arbitrage v. Tchuruk*, 291 F.3d 336, 350 (5th Cir. 2002)).

## Analysis

Gomez failed to sufficiently state a claim for an exception to discharge under § 523(a)(2) of the Bankruptcy Code. (ECF No. 1). Gomez's pleadings in support of his fraud and conversion claims are sufficient to state a claim for an exception under § 523(a)(4) and § 523(a)(6).

## Fraud under § 523(a)(2)

Section 523(a) states:

(a) a discharge under section 727, 1141, 1228(a), 1228(b) or 1328(b) of this title does not discharge an individual debtor from any debt ...

(2) for money, property, services, or an extension, removal, or refinancing of credit, to the extent obtained by—

(A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition;

(B) use of a statement in writing—

> (i) that is materially false;
> (ii) respecting the debtor's or an insider's financial condition;
> (iii) on which the creditor to whom the debt—or is liable for such money, property, services, or credit reasonably relied; and
> (iv) that the debtor caused to be made or published with intent to deceive.

Subsections § 523(a)(2)(A) and (a)(2)(B) define similar, *but nevertheless different,* causes of action. *See Field v. Mans,* 516 U.S. 59, 64, 116 S. Ct. 437, 133 L. Ed. 2d 351 (1995). Section 523(a)(2)(A) states that a debt obtained by "false pretenses, a false representation, or actual fraud" is not dischargeable, but it contains an exception: If a debt is obtained by a false "statement respecting the debtor's ... financial condition," the debt is dischargeable. By contrast, § 523(a)(2)(B) states that a debt obtained by a false written statement "respecting the debtor's ... financial condition" is not dischargeable, provided certain conditions are met." *In re Ortiz*, 441 B.R. 73, 77 (Bankr. W.D. Tex. 2010).

Accordingly, the Court will determine whether Gomez's factual allegations are sufficient to state a claim under each subsection.

**§ 523(a)(2)(A)**

As currently pled, Gomez's complaint fails to state a claim upon which relief can be granted under § 523(a)(2)(A).

A complaint under § 523(a)(2)(A) must comport with Fed. R. Civ. P. Rule 9(b), applicable through Fed. R. Bankr. P. 7009. Rule 9(b) requires a party to state with particularity the circumstances constituting fraud. The Fifth Circuit has held that "[a] creditor must probe the debtor's intent to deceive in order to obtain a non-dischargeability judgment." *Friendly Fin. Serv.—Eastgate v. Dorsey (In re Dorsey),* 505 F.3d 395, 399 (5th Cir.2007). Intent to deceive "may be inferred from reckless disregard for the truth or falsity of a statement combined with the sheer magnitude of the resultant misrepresentation." *In re Acosta,* 406 F.3d 367, 372 (5th Cir. 2005) (citing *Norris v. First Nat'l Bank of Luling (In re Norris),* 70 F.3d 27, 30 n. 12 (5th Cir. 1995) (internal quotation marks omitted)).

For § 523(a)(2)(A) actions, the Fifth Circuit requires proof of common-law fraud. *In re Mercer*, 246 F.3d 391, 402 (5th Cir. 2001) ("The operative terms in § 523(a)(2)(A), ... 'false pretenses, a false representation, or actual fraud,' carry the acquired meaning of terms of art ... [and] are common-law terms."). For a debt to be non-dischargeable under § 523(a)(2)(A), the creditor must show that (i) the debtor made a representation; (ii) the debtor knew the representation was false; (iii) the representation was made with the intent to deceive the creditor; (iv) the creditor actually and justifiably relied on the representation; and (v) the creditor sustained an injury as a proximate result of its reliance. *In re Acosta*, 406 F.3d 367, 372 (5th Cir. 2005).

Section 523(a)(2)(A) expressly excludes "statements respecting the debtor's or an insider's financial condition." 11 U.S.C. § 523(a)(2)(A). Gomez has alleged that Saenz made

some representations not related to the financial condition of Pizza Patron Franchise. For example, Gomez alleges that Saenz represented that (i) Gomez could not be at the corporate inspection, (ii) Saenz was the Pizza Patron franchise representative for the South Texas region, and (iii) Saenz owned several other chains including two locations in McAllen. However, Gomez failed to plead that any of these representations were false, much less that Saenz knew that any of these statements were false or that Saenz made them with the intent to deceive.

The only representations that are alleged to be false relate to the allegedly incorrect profit and loss reports provided to Gomez and the verbal communications about the franchise's profitability. However, a debt obtained by a false oral statement respecting the debtor's or an insider's financial condition falls outside the scope of section 523(a)(2)(A). Written statements respecting the financial condition of the franchise fall within § 523(a)(2)(B). Accordingly, Gomez's complaint fails to state a claim upon which relief can be granted under § 523(a)(2)(A).

**§ 523(a)(2)(B)**

Gomez's pleadings in support of his fraud and fraudulent misrepresentation claims fail to state a claim for non-dischargeability under § 523(a)(2)(B).[2]

Section 523(a)(2)(B) sets out the standard for false written statements respecting the debtor's or an insider's financial condition. Under § 523(a)(2)(B), a debt is non-dischargeable if the debtor obtained money, property, services, or credit by use of a statement in writing (1) that is materially false; (2) respecting the debtor's or an insider's financial condition; (3) on which the creditor reasonably relied; and (4) that the debtor caused to be made or published with intent to deceive. *Norris v. First Nat'l Bank in Luling (In re Norris),* 70 F.3d 27, 29 (5th Cir. 1995).

The term "insider" includes "if the debtor is an individual … [a] corporation of which the debtor is a director, officer, or person in control." 11 U.S.C. § 101(31). In this case, Saenz, the

---

[2] Although Gomez did not specifically allege a § 523(a)(2)(B) claim, he did generally allege a § 523(a)(2) claim.

chapter 7 debtor, was the owner and person in control of the Rio Grande City Pizza Patron franchise. Accordingly, statements made by Saenz regarding the financial condition of the franchise fall under § 523(a)(2)(B).

§ 523(a)(2)(B) expressly requires *reasonable reliance*, while § 523(a)(2)(A) does not. *See Field v. Mans*, 516 U.S. 59, 66, 116 S. Ct. 437, 441, 133 L. Ed. 2d 351 (1995). In the amended petition, Gomez asserts claims for fraudulent misrepresentation and fraud against Saenz.

Gomez's § 523(a)(2)(B) fraud claim fails to meet the specificity requirement set forth in Rule 9(b). Fed. R. Civ. P. 9(b). "To plead fraud adequately, the plaintiff must '*specify* the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, *and explain why the statements were fraudulent*.'" *See Sullivan v. Leor Energy, LLC*, 600 F.3d 542, 551 (5th Cir. 2010) (quoting *ABC Arbitrage v. Tchuruk*, 291 F.3d 336, 350 (5th Cir. 2002)).

Gomez's § 523(a)(2)(B) fraud claim relies on the alleged fraudulent financial documents. However, Gomez fails to provide any details about these financial documents. Gomez merely states that "Debtor and his bank created false and incorrect profit and loss reports that did not correctly represent the profit and losses reports for the business prior to the Creditors purchasing the restaurant." (ECF No. 1 at 3). The complaint fails to specify (i) why the profit and loss reports are inaccurate (e.g., overstated revenues, understated expenditures), (ii) which years the profit and loss reports cover, (iii) when the documents were created, (iv) or when they were presented to Gomez. Without greater specificity, Gomez cannot establish that the false profit and loss reports were *materially* false, that Gomez reasonably relied on them, or that Saenz caused them to be made or published with intent to deceive. *See In re Kilroy*, 354 B.R. 476, 488 (Bankr.

S.D. Tex. 2006) ("Although § 523(a)(2)(B) does not specifically use the phrase fraud, it does require a written statement that is materially false. Therefore, this subsection is also subject to Rule 9(b).").

Accordingly, Gomez's complaint fails to state a claim for an exception to discharge under § 523(a)(2)(B).

### Larceny Under § 523(a)(4)

Gomez's complaint sufficiently states a claim for a discharge exception under § 523(a)(4) of the Bankruptcy Code. (ECF No. 1). Section 523(a)(4) excepts from discharge a debt for fraud or defalcation while acting in a fiduciary capacity, embezzlement or larceny. 11 U.S.C. § 523(a)(4).

Under federal common law, larceny is the "felonious taking of another's personal property with intent to convert it or deprive the owner of same." 4–523 Collier on Bankruptcy ¶ 523.10[2] (citing *In re Smith,* 253 F.3d 703 (5th Cir. 2001) (not for publication); *In re Rose,* 934 F.2d 901 (7th Cir. 1991). Bankruptcy courts have defined the elements of larceny as: (1) the fraudulent and wrongful taking away of the property of another with (2) the intent to convert it to the taker's use and with intent to permanently deprive that owner of such property. *Nibbi v. Kilroy (In re Kilroy),* 357 B.R. 411, 431 (Bankr. S. D. Tex. 2006) (citing *In re Hayden,* 248 B.R. at 525).

Gomez asserts that "the Debtor committed fraud while acting in a larceny" when the Debtor stole $375,000.00 by wrongfully taking over the franchise. Gomez contends that despite the fact that he purchased the equipment, inventory, and franchise for over $350,000.00, on March 10, 2011, Saenz removed Gomez's equipment and inventory from the franchise location without his consent. On March 11, 2011, Saenz allegedly installed new equipment at the

franchise and resumed operation of the Pizza Patron Rio Grande City location. Gomez claims that Saenz accomplished this by instructing Gomez that he could not be present for a corporate inspection that was to take place on March 10, 2011. On April 11, 2011, Saenz allegedly informed Gomez that he was now the owner of the Rio Grande City Pizza Patron. Finally, on October 8, 2012, Saenz allegedly sold the franchise again to another buyer.

Accordingly, Gomez's complaint sufficiently states a claim for an exception to discharge under § 523(a)(4).

### Willful and Malicious Injury Under § 523(a)(6)

Gomez's complaint also states a claim for non-dischargeability because of willful and malicious injury. A debtor may not be discharged from any debt "for willful and malicious injury by the debtor to another entity or to the property of another entity." 11 U.S.C. § 523(a)(6). Willful and malicious injury requires an actual intent to cause injury. *See Kawaauhau v. Geiger,* 523 U.S. 57, 61, 118 S. Ct. 974, 140 L.Ed.2d 90 (1998). In *Kawaauhau,* the Supreme Court stated that "[t]he word 'willful' in (a)(6) modifies the word 'injury,' indicating that non-dischargeability takes a deliberate or intentional *injury,* not merely a deliberate or intentional *act* that leads to injury." *Id.* (emphasis original).

The Fifth Circuit expanded the Supreme Court's reasoning in *In re Miller* by doing its own analysis of "willful" and "malicious" as separate modifiers. *In re Miller,* 156 F.3d 598 (5th Cir. 1998). It concluded that under *Kawaauhau,* willful and malicious injury "is a unitary concept entailing a single two-pronged test" for actual intent to cause injury. *Id.* at 603. It held that either a subjective motive to harm *or* an objective substantial certainty of harm would be sufficient to find actual intent to cause injury. *Id.* at 606 (emphasis supplied).

The intentional torts asserted against Saenz are the type of actions that could rise to the "malicious and willful injury" standard contemplated by the Supreme Court in *Kawaauhau*. *Kawaauhau v. Geiger,* 523 U.S. 57, 58 (1998) ("§ 523(a)(6)'s formulation triggers in the lawyer's mind the category "intentional torts," which generally require that the actor intend the *consequences* of an act, not simply the act itself."). Gomez's fraud and conversion claims both allege facts that, if proven, would support a claim for non-dischargeability under § 523(a)(6). If Gomez's allegations that Saenz stole his inventory, equipment, and franchise by deceiving him are true, then Saenz's actions may have had an "objective substantial certainty of causing harm." Accordingly, Gomez's complaint sufficiently states a claim for an exception to discharge under § 523(a)(6).

## Leave to Amend § 523(a)(2)(A) Claim

In Gomez's response to Saenz's motion to dismiss, Gomez requested "leave to amend their petition so as to address any items that the court finds need greater specificity." (ECF No. 14 at 8).

Rule 15(a) provides that leave to amend pleadings "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a)(2). A decision to grant leave is within the discretion of the Court, but Rule 15(a) "evinces a bias in favor of granting leave to amend." *Stripling v. Jordan Prod. Co., LLC,* 234 F.3d 863, 872 (5th Cir. 2000) (quoting *Martin's Herend Imports, Inc. v. Diamond & Gem Trading U.S. Am. Co.,* 195 F.3d 765, 770 (5th Cir. 1999)). The Court does not have the discretion to deny leave to amend unless it has a substantial reason for doing so. *Southmark Corp. v. Schulte Roth & Zabel (In re Southmark Corp.),* 88 F.3d 311, 314 (5th Cir. 1996) (citations omitted). "In deciding whether to grant such leave, the court may consider such factors as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure

deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment." *Id.*

The court should generally give the plaintiff at least one chance to amend the complaint under Rule 15(a) before dismissing the action with prejudice. *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.,* 313 F.3d 305, 329 (5th Cir. 2002) ("[D]istrict courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal.").

Federal Rule of Bankruptcy Procedure 4007(c) requires that complaints to an exception to discharge must be filed no later than 60 days after the first date set for the § 341 creditors' meeting. Fed. R. Bankr. P. 4007(c). In this case, the first date set for the § 341 creditors' meeting was September 27, 2013. Accordingly, the deadline to file a complaint seeking an exception to the discharge was November 26, 2013.

Courts generally adhere to the strict deadlines for filing discharge complaints. However, some courts, including courts in the Fifth Circuit, have allowed a party to amend his complaint from one § 523(a) subsection to another § 523(a) subsection when the actions involved in both arise out of the same events. When allowed, the new § 523(a) claim relates back to the date of the original § 523(a) claim. *See In re Fondren,* 119 B.R. 101, 104 (Bankr. S. D. Miss. 1990) ("Under the facts of this case, the allegations upon which the proposed amendment under section 523(a)(6) are based are the very same as those presented in the original complaint which alleged a violation under section 523(a)(2). Therefore, under Rule 15(c) ... the requested amendment here is allowable and will relate back to the date of the original complaint."); *In re Heath,* 114 B.R. 310, 312 (Bankr. N. D. Ga. 1990) (a claim under § 523(a)(6) may relate back to an earlier

complaint asserting a claim under § 523(a)(4) if it arises out of the same transaction or occurrence.); *In re Oxburn,* 203 B.R. 811, 813 (Bankr. S. D. Ga. 1996) (because the movant's § 523(a)(15) claim "arises out of the same transactions and set of facts giving rise to the timely filed § 523(a)(5) complaint, the amendment relates back to the date of original filing and is timely under Rule 4007(c).").

Moreover, the Fifth Circuit has acknowledged that courts allow amendments of § 523(a) claims filed after the Rule 4007(c) sixty-day period has expired to relate back to the original complaint. In *Bercier v. Bank of La.,* the Fifth Circuit barred the plaintiff from asserting a particular amended claim under § 523(a), but stated, "[w]e do not suggest that an amended complaint adding a ground of challenge to the dischargeability of a particular debt would not relate back, for purposes of Bankruptcy Rule 4007(c), to the time of filing of the same creditor's original complaint challenging the dischargeability of the identical debt." *Bercier v. Bank of La.,* 934 F.2d 689, 693 n. 7 (5th Cir. 1991).

Gomez is granted leave to amend his § 523(a)(2) claim. The amended complaint must establish that the § 523(a)(2) claim relates back to Gomez's original complaint (filed on November 25, 2013). If Gomez fails to (i) establish that the § 523(a)(2) claim relates back to the original complaint or (ii) otherwise fails to satisfy the pleading requirements to sustain an action under § 523(a)(2) by August 22, 2014, the Court will dismiss Gomez's § 523(a)(2) claim.

## Conclusion

The Court will enter an Order consistent with this Memorandum Opinion.

SIGNED **August 8, 2014.**

_____
Marvin Isgur
UNITED STATES BANKRUPTCY JUDGE